**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WALTER FREITAS,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

2:10-cv-00059-PMP-RJJ

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 8.) Petitioner has opposed the motion. (ECF No. 17). There is no reply.

**I.      Procedural History and Background**

On November 18, 2005, the State of Nevada filed an information in the Eighth Judicial District Court for the State of Nevada charging petitioner with the following counts: (1) murder with use of a deadly weapon; and (2) burglary while in possession of a firearm. (Exhibits to Mot. to Dismiss Ex. C, ECF No. 9.)[1]  On September 14, 2006, after a four-day trial, the jury returned a verdict finding the petitioner not guilty of murder with use of a deadly weapon and guilty of burglary while in possession of a firearm. (*Id*. Ex. I, Ex. K, ECF No. 12.) On September 21, 2006, petitioner filed a motion for a new trial or in the alternative motion to dismiss the burglary conviction based on jury misconduct. (*Id*. Ex. L.) On October 9, 2006, the district court denied the motion. (*Id*. Ex. O.)

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 9-12, which were filed with respondents' motion to dismiss.

1    Petitioner appeared before the district court on October 31, 2006, for sentencing. (*Id*. Ex. P.)
2 Before imposing the sentence, the court reviewed letters sent by the victim's family and friends, played
3 a compact disc (CD) sent by the victim's family and friends depicting the life of the victim, heard
4 testimony from the victim's mother, and heard arguments of counsel. (*Id*.) The district court sentenced
5 petitioner to 72 to 180 months in prison and ordered petitioner to pay restitution in the amount of
6 $8,695.00. (*Id*.) The judgment of conviction issued November 9, 2006. (*Id*. Ex. Q.)

7    Petitioner appealed his conviction to the Nevada Supreme Court. (*Id.* Ex. R.) On appeal, in his
8 fast track statement, petitioner argued: (1) insufficient evidence supported his burglary conviction; (2)
9 the jury instructions given at trial were confusing; and (3) that the court considered inadmissible victim-
10 impact evidence at sentencing by viewing the CD. (*Id*. Ex. T.) On September 7, 2007, the Nevada
11 Supreme Court affirmed petitioner's conviction. (*Id*. Ex. V.)

12    On November 11, 2007, petitioner, appearing *pro se*, filed a post-conviction petition in state
13 court. (*Id*. Ex. W.) Without appointing counsel or holding an evidentiary hearing, the district court
14 denied the petition on June 19, 2008. (*Id*. Ex. Y.)    Petitioner appealed the denial to the Nevada
15 Supreme Court. (*Id*. Ex. Z.) Petitioner filed an opening brief on October 20, 2008. (*Id*. Ex. AA.) On
16 November 3, 2009, the Nevada Supreme Court affirmed the district court's decision. (*Id*. Ex. BB.)

17    This court received the federal petition for writ of habeas corpus on January 14, 2010. (ECF No.
18 1.) Respondents move to dismiss grounds one, three, five, and six.

19 **II.    Discussion**

20    **A. Ground One**

21    Respondents argue that portions of ground one fail to raise a federal issue and should be
22 dismissed. Specifically, respondents contend that petitioner's arguments concerning improper jury
23 instructions rely solely on state law. Respondents acknowledge, however, that petitioner's arguments
24 with respect to the sufficiency of the evidence and the victim-impact evidence presented at sentencing
25 raise federal constitutional issues.

26 / / /

Federal habeas corpus relief is available to state prisoners only to correct violations of federal rights. 28 U.S.C. § 2254(a). A habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim. Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004). "Federal habeas corpus relief does not lie for errors of state law . . . it is not the province of a federal habeas court to reexamine state court determinations of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quotations and internal citation omitted).

In ground one, petitioner raises multiple issues. For ease of reference, the court will divide ground one into several sub-parts. In ground one (a), petitioner argues that insufficient evidence was presented at trial to sustain his burglary conviction. In ground one (b), petitioner argues that the jury instructions were confusing and constitute grounds for reversible error. In ground one (c), petitioner argues that the court erred at sentencing by showing the lengthy video concerning the victim's life.

As correctly noted by respondents, grounds one (a) and one (c) raise federal claims cognizable in a habeas corpus petition, and thus, require resolution on the merits. Ground one (b), however, challenges the state trial court's determination of state law. Petitioner asserts that because the jury instructions were not tailored to the facts of his case, he was erroneously found guilty of burglary. In making this argument, petitioner fails to indicate what, if any, federal constitutional deprivation he suffered and refers only to Nevada state law for support. Because ground one (b) only raises issues of state law, it is outside the scope of federal habeas corpus review and shall be dismissed.

**B. Grounds Three and Five**

Respondents argue that grounds three and five are procedurally defaulted and should be dismissed with prejudice. Respondents assert that the Nevada Supreme Court found these grounds procedurally barred because petitioner failed to raise them on direct appeal.

In opposition, petitioner concedes that ground three and ground five raise the same claim. Petitioner states that he does not object to the dismissal of ground three and will proceed on ground five. In light of petitioner's position, the court dismisses ground three as duplicative. The court now

addresses whether ground five is procedurally defaulted.

### 1. Procedural Default

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

///

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In ground five, petitioner argues that the trial court erred by failing to instruct the jury on trespassing, which he argues is a lesser included offense of burglary. Petitioner contends that a central issue at trial was whether he possessed the specific intent necessary to be convicted of burglary. According to petitioner, the trial court denied him his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process of law by not instructing the jury on trespass.

Petitioner raised this argument in his post-conviction petition in state court. (Exhibits to Mot. to Dismiss Ex. W.) In affirming the district court's denial of petitioner's post-conviction petition on this ground, the Nevada Supreme Court concluded that this argument was "waived because it should have been raised on direct appeal and appellant failed to demonstrate good cause for his failure to do so. See NRS 34.810(1)(b)." (*Id.* Ex. BB.) The Nevada Supreme Court explicitly relied on Nev. Rev. Stat. § 34.810 as a procedural bar when it declined to review the claim of the state habeas petition that corresponds to ground five. (*Id.*). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, this court finds that the Nevada Supreme Court's holding that ground five is procedurally barred under Nev. Rev. Stat. § 34.810(1)(b) was an independent and adequate ground for the court's dismissal of the state-court petition.

/ / /

/ / /

2. Cause and Prejudice

As discussed above, if a claim is procedurally defaulted, federal habeas review of the claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner argues that the ineffective assistance of his appellate counsel on direct appeal constitutes cause for the default of ground five. Ground six of petitioner's federal habeas corpus petition contains a claim arguing the ineffective assistance of direct appellate counsel that is similar, if not identical, to the argument petitioner presents with respect to the cause and prejudice analysis here. As more fully discussed below, because of two pages that are missing from petitioner's post-conviction petition filed in state court, the court defers its ruling as to whether ground six has been exhausted. The court has determined that the analysis of cause and prejudice arguments and fundamental miscarriage of justice issues in ground five is closely related to the analysis on the substantive merits of ground six. Therefore, the court will defer ruling on the cause and prejudice issue until the merits of grounds five and six are fully briefed. Accordingly, the motion to dismiss is denied without prejudice as to the procedural default of ground five. The issue of procedural default shall be addressed in the answer and reply brief.

**C. Ground Six**

As to ground six, respondents argue that petitioner failed to properly exhaust in state court. Respondents contend that petitioner did not present ground six to the state trial court, and consequently, the Nevada Supreme Court declined to consider it on the merits.

Petitioner counters respondents' argument by pointing out that pages ten and eleven are missing from his state post-conviction petition, which appears in the court record at Exhibit W of respondents' motion to dismiss. Petitioner maintains that ground six of his federal petition was raised in the missing pages and their absence precluded the Nevada Supreme Court from addressing the claim.

/ / /

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the

7

petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984**).**

Here, in ground six, petitioner argues that he was denied his Sixth Amendment right to effective counsel when appellate counsel on direct appeal failed to argue that the jury should have been instructed on trespass by the trial court. The court is presented with an unusual situation in this case. Pages ten and eleven of petitioner's post-conviction petition are absent from the record, and respondents indicate that the pages do not exist in the physical file in the Eighth Judicial District Court's Clerk's Office. (ECF No. 20.) Under these circumstances it appears that either the missing pages never arrived at the District Court, in which case the fault presumably lies with petitioner, or that they were misplaced upon arriving at the court, an event wholly outside of petitioner's control. Because of this uncertainty, the court denies, without prejudice, respondents' motion to dismiss ground six as unexhausted at this time. The court orders respondents to address the merits of ground six in their answer. Additionally, the court grants respondents' motion for an extension of time in which to file a certified copy of the District Court record to show that the pages are, indeed, absent from the physical file. In their answer, respondents shall address the exhaustion of ground six and brief the court on the ramifications on their argument of pages missing from the record. Should petitioner possess copies of the missing pages, he may file them with the court when he submits his reply. Like respondents, petitioner shall address the effect of the missing pages on his ability to obtain relief.

**III.   Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 8) is **GRANTED in part, and DENIED in part**, as follows:

1. The motion is **GRANTED** as to ground one (b) but **DENIED** as to ground one (a) and ground one (c). Ground one (b) concerning the confusing jury instructions at trial is **DISMISSED with prejudice.**

2. The motion is **GRANTED** as to ground three. Ground three is **DISMISSED with prejudice.**

3. The motion is **DENIED without prejudice** as to ground five.

4. The motion is **DENIED without prejudice** as to ground six.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the petition (ECF No. 1) within **forty-five (45) days** from the date of service of this order. The answer shall include substantive arguments on the merits as to each remaining claim in the petition. Additionally, the answer shall substantively address the procedural default cause and prejudice analysis with respect to ground five and the exhaustion of ground six. **No further motions to dismiss will be entertained.** In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner may file his reply to the answer no later than **forty-five (45) days** after being served with the answer.

**IT IS FURTHER ORDERED** that respondents' motion an extension of time (ECF No. 20) is **GRANTED**. Respondents are granted to and including September 15, 2011, to file a certified copy of petitioner's post-conviction petition filed in the Eighth Judicial District Court for the State of Nevada.

DATED: August 10, 2011.

PHILIP M. PRO
United States District Judge